In the Matter of the Estate of ROBERT L. DICKERSON, Deceased.

Surrogate's Court, New York County, November 18, 1937.

*Jesse Lowenthal* for the petitioner.

*Seymour L. Mantell* for the administratrix.

*William J. McArthur*, for the United States Fidelity and Guaranty Company.

DELEHANTY, S. Prior to his death on February 24, 1937, deceased was a civil service employee of the United States and was a member of the Civil Service Retirement System under the provisions of the Civil Service Retirement Act (U. S. Code, tit. 5, chap. 14, § 724, 44 Stat. 911, § 12, as amd.). At his death there was standing to his credit in the retirement fund the sum of $828.46. The issue before the court relates to the ownership of this fund.

Section 724 provides in part as follows:

" (c) In case an annuitant shall die without having received in annuities purchased by the employee's contributions as provided in (2) of section 698 of this title (U. S. Code, tit. 5, § 698) an amount equal to the total amount to his credit at time of retirement, the amount remaining to his credit and any accrued annuity shall be paid, upon the establishment of a valid claim therefor, in the following order of precedence:

" First, to the beneficiary or beneficiaries designated in writing by such annuitant and recorded on his individual account;

" Second, if there be no such beneficiary, to the duly appointed executor or administrator of the estate of such annuitant;   *   *   *

" (d) In case an employee shall die without having attained eligibility for retirement or without having established a valid claim for annuity, the total amount of his deductions with interest thereon shall be paid, upon the establishment of a valid claim therefor, in the following order of precedence:

" First, to the beneficiary or beneficiaries designated in writing by such employee and recorded on his individual account;

" Second, if there be no such beneficiary, to the duly appointed executor or administrator of the estate of such employee;   *   *   *

" (f) Each employee or annuitant to whom this chapter applies may, under regulations prescribed by the Civil Service Commission, designate a beneficiary or beneficiaries to whom shall be paid, upon the death of the employee or annuitant any sum remaining to his credit (including any accrued annuity) under the provisions of this chapter."

Section 729 provides as follows: " None of the moneys mentioned in this chapter shall be assignable, either in law or equity, or be subject to execution, levy, or attachment, garnishment, or other legal process."

Section 709 provides: " For the purpose of administration, except as otherwise provided herein, the Civil Service Commission is hereby authorized and directed to perform, or cause to be performed, any and all acts and to make such rules and regulations as may be necessary and proper for the purpose of carrying the provisions of this chapter into full force and effect."

Under the authority granted in subdivision (f) of section 724 and in section 709 of the act the civil service commission adopted regulations which were designed to establish the procedure to be followed by an employee who desired to designate a person to receive upon his death the amount standing to his credit. The regulations prescribe the form of designation. They require the designation to be executed before a supervising official of the department in which the employee is employed or in certain circumstances by another employee when authorized by a postmaster. They require that the designation, to have full force and effect, must be filed with the commission in duplicate prior to the employee's death. The form of designation consists of a first page marked " original " and a second page marked " duplicate " which are substantially identical except that the regulations are printed on the back of the duplicate page.

Respondent, who is deceased's widow and the administratrix of his estate, filed with the commission a claim to the fund asserting that it was the property of the estate. Petitioner here filed with the commission a claim for the fund based on a form of designation dated February 15, 1937, which is said to have been executed by deceased and which purports to name petitioner and deceased's grandmother as beneficiaries of the fund. This form of designation was not filed with the commission until February 26, 1937, two days after deceased's death. The commission ruled that because the form was filed after deceased's death it was without effect and it thereupon and solely for that reason paid the fund to the administratrix of deceased's estate. This discovery proceeding was instituted by petitioner to recover the fund in the hands of the administratrix.

Petitioner does not claim that the commission was in error in its disposition of the fund. She concedes that the commission is vested with particular and special authority under the retirement act to determine rights under its rules to funds such as that in

question here. But she asserts that the commission's authority is confined solely to the retirement act and to its own regulations and that it has no general power to determine ultimately and finally rights accruing under the common or statutory law because it is an administrative and not a judicial body. In effect, the petitioner asserts that the commission has a right under the act and regulations to determine to whom the fund shall be paid in the first instance, but has no power, despite the provisions of the act and the regulations, to determine title to the fund. She asks the court to disregard the regulations in respect of the requirement as to the time of filing the designation, to hold such requirement to be of no effect in the determination of title and to adjudge title to the fund in her on the theory either that the designation upon which she relies is valid or that the deceased made a valid gift of the fund.

The act provides (§ 724, subd. [b]) that separation from the service in certain circumstances will entitle the employee to the return of the total amount of his deductions with interest. Section 724, subdivision (c), refers to the amount remaining to his credit in case of his death without having received the whole amount to his credit at the time of retirement. Section 724, subdivision (d), refers to the total amount of his deductions with interest in case he should die without having attained eligibility for retirement or without having established a valid claim for annuity. These provisions establish an intention on the part of the Congress to have the fund held intact unless the employee separates from the service and is himself paid. There is no provision for payment to any person other than the employee, his properly designated beneficiary or his estate. The prohibition against assignment in section 729 was intended, for the protection of the employee, to prevent him from transferring title to the fund. This prohibition against assignment, together with the provisions for payment to specified persons only, prevents the making of any gift by the employee. The right of petitioner, if any, must rest solely on the validity of the designation under which she claims.

Assuming, without deciding, that the form of designation was properly executed and delivered by the deceased, the questions presented are whether the act itself requires the filing of the designation prior to the death of the employee and whether the regulations adopted by the commission have the force of law. These are purely questions of law  The court is of opinion that if the act itself requires the filing of the designation prior to the death of the employee, title to the fund has vested in the administratrix by virtue of the act. The same conclusion as to title must be

reached if the regulations of the commission have the force and effect of law.

On the theory that the regulations are of no effect whatever on the issue of title in this proceeding, petitioner objected to the admission of any evidence designed to show, among other things, that deceased had notice of the regulations and that they were reasonably adapted to aid in the enforcement of the act. Her motion to strike out this evidence is denied.

From the fact that the duplicate of the form of designation contains a copy of the regulations and from the further fact that at least two circulars were sent by the commission to department heads with the request that the attention of all employees be called to the regulations concerning a designation of beneficiary, it must be held that deceased had knowledge of the contents of the regulations.

Rules and regulations which are adopted pursuant to authority of an act of Congress, which are addressed to and are reasonably adapted to the enforcement of the act and are not in conflict with express statutory provisions, have the force and effect of law. (*Maryland Casualty Co.* v. *United States*, 251 U. S. 342, 349; *United States* v. *Grimaud*, 220 id. 506; *United States* v. *Morehead*, 243 id. 607; *United States* v. *Sacks*, 257 id. 36; *United States* v. *Birdsall*, 233 id. 223; *Brown* v. *White*, 24 F. [2d] 392.) This principle of law has been applied in respect of rules and regulations prescribed by administrative bodies or officers with relation to the Internal Revenue Act (*Kingan & Co., Inc.,* v. *Smith*, 17 F. Supp. 217), the Food and Drugs Act (*United States* v. *Shreveport Grain & Elevator Co.*, 287 U. S. 77), the Veterans' Bureau Acts (*Sawyer* v. *United States*, 10 F. [2d] 416), and War Savings Stamps (*Warren* v. *United States*, 68 Ct. of Claims, 634; writ of certiorari denied, 281 U. S. 739).

In *Warren* v. *United States* (*supra*) a representative of the estate of a deceased owner of treasury savings certificates sued the United States to recover the amount thereof on the ground that a designation of beneficiary made by the decedent pursuant to regulations of the Treasury department granting the right to make such designation was void. It was claimed that the Treasury department had no power or authority to make rules and regulations which would pass title to property of a citizen of the State of Texas. The regulations were held to have the force and effect of law and the Court of Claims dismissed the petition. As noted, certiorari was refused. In *Matter of Bakos* (163 Misc. 940) there was involved a claim of gift *causa mortis* of postal savings certificates. Under the

postal savings laws and regulations such certificates are made non-transferable and non-negotiable. The regulations provided that no beneficiary could be designated to receive payment except through the formality of a will. The court held that the regulations had the force of law and dismissed the claim of gift.

The commission here was specifically authorized to prescribe regulations under which an employee could designate a beneficiary to whom the amount to his credit would be paid. The act itself authorizes the employee to make the designation. The authority to prescribe rules and regulations was without doubt intended to cover details concerning the form of designation to be used, the manner of execution and the requirements for recording. It appears that there are in the retirement system 433,000 active employees and 50,000 annuitants. The labor required in the handling of the details of the members' accounts is substantial and a definite course of procedure is required to avoid confusion and possibly fraud on the employee. With such a body of members the burden of administration would be intolerable if issues arising such as this had to be inquired into by the commission. In the circumstances here, the regulations are clearly designed to carry out the provisions of the retirement act and are not inconsistent with any statute. Accordingly, the court holds that they have the force of law. It is to be noted also that the act says that payment is to be made to the beneficiary designated in writing " and recorded on his (the employee's) individual account." The fund is payable immediately upon the death of the employee and it must have been intended that payment was to be made to the person named as beneficiary in a designation recorded as of that time and not later. As a matter of law, it is held, therefore, that the fund is the property of the estate of deceased.

This determination of title is made on the assumption that the designation here was properly executed and delivered by deceased. This assumption is made only for the purpose of deciding the questions of law presented and no ruling has been thus far made on the facts. Comment should, therefore, be made on the proof offered to establish the execution and delivery of the form of designation. The regulations provide that designation must be in writing and acknowledged *before* some official of the government to whom the annuitant or employee is personally known. The certification may be made by any supervising official of the department, branch or independent establishment in which the annuitant is employed, if personally known to him or, if it be impracticable to appear before such official, by any postmaster who is personally acquainted with

the employee. Where the employee is physically unable to appear before an official, a letter-carrier or other postal employee who is personally acquainted with such employee may, if authorized by the postmaster, act as certifying official, the postmaster's signature also to appear on the certificate. The paper under which petitioner claims is dated February 15, 1937, and carries the signature of the proper official. There was some testimony that it was signed by deceased before this official at the postoffice substation at which deceased had been employed presumably on the day it was dated. Testimony was given tending to show that the paper was delivered by deceased to petitioner on the night of February 23, 1937, which was the night preceding his death. It is conceded that deceased did not leave the hospital in which he died between February 13, 1937, the date of his entry, and the day of his death. Obviously he could not have signed the paper at the post office substation on February 15, 1937. The letter dated April 14, 1937 (Respondent's Exhibit 1), addressed to the commission over the signature of petitioner's counsel, is clearly competent and the motion to strike it from the record is denied. This letter states that it was impossible to comply with the commission's rule requiring a filing prior to deceased's death; that the form was executed on February 15, 1937, while deceased was on his death bed; and that because of his moribund state he had no opportunity to file it prior to his death. If the statements contained in this letter reflect the true condition of deceased from February fifteenth until the day of his death, it is highly improbable that he was in any condition to make a delivery of the designation on the night before he died.

The proof as a whole does not establish to the satisfaction of the court that there was a proper execution of the designation by deceased under the regulations of the commission or that the designation form, if delivered at all, was complete at the time of delivery. For these fact reasons also the claim of petitioner must be dismissed.

Submit, on notice, decree adjudging title to the fund to be in the estate of deceased.