In the Matter of the Estate of ALFREDO DISTEFANO, Deceased.

Surrogate's Court, New York County, May 3, 1938.

*Bernard Katz,* for the administratrix.

*Harold H. Kissam,* for the Morris Plan Industrial Bank of New York, creditor.

DELEHANTY, S.   During his lifetime deceased was a teacher in the public school system of New York city and a member of the Teachers' Retirement System.   After his death there was paid to his administratrix the amount due from the Teachers' Retirement Fund.   Application is here made that payment be directed out of the moneys so paid into the estate of the amount due on a note signed by deceased as an accommodation comaker.   Payment is resisted by the administratrix.   Pursuant to stipulation the claimant and the administratrix have submitted for determination the question whether the amount paid to the estate from the Teachers' Retirement Fund is applicable to payment of claims of general creditors of deceased.

Whether the moneys are so subject depends upon the meaning and effect of section 1092 of the Greater New York Charter under

which the Teachers' Retirement Fund and its administration were established. Subdivision W of that section says: " The right of a person to a pension, an annuity, or retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, and the moneys in the various funds created under this act, are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this act specifically otherwise provided."

Exemption statutes such as the foregoing are enacted for the protection against improvidence or misfortune of persons coming within their terms. They are given a liberal construction. (*Yates County National Bank* v. *Carpenter,* 119 N. Y. 550.) Whether an exemption is granted not only for the benefit of an employee or pensioner but also for the benefit of his distributees or beneficiaries depends of course upon the intention of the legislative body as evidenced by the text of the particular exemption statute.

In some instances the exemption has been held to inure only to the benefit of the employee or pensioner. (*Matter of Barber,* 20 N. Y. St. Repr. 136; *Smith* v. *Blood,* 106 App. Div. 317; *Matter of Cerello,* 155 Misc. 709; *Pagel* v. *Pagel* 291 U. S. 473.) In others the exemption has been held to be extended to the heirs or estate of the employee or pensioner as well. (*Matter of Di Donato* v. *Rosenberg,* 221 App. Div. 624; *Matter of Cerello, supra; Matter of Murray,* 159 Misc. 865; *Matter of LeBlanc,* 142 La. 27; 76 So. 223; *Holmes* v. *Marshall,* 145 Cal. 777; 79 P. 534.) The decisions in the cited cases were based on the particular facts and on the provisions of the particular statutes involved. No statute thus under consideration was identical in terms with the statute here being considered.

Prior to the enactment of article 10-C of the Tax Law (§ 249-kk) effective September 1, 1930, moneys paid from the retirement fund to the estate of a deceased, as here, were held to be exempt from tax under the provisions of subdivision W of section 1092 of the act. (*Matter of Morrison,* 130 Misc. 438; *Matter of Fischer,* 132 id. 204; affd., 223 App. Div. 887.)

So far as research of counsel and the court has shown the question has not been determined whether moneys paid to the estate of a deceased member of the New York City Teachers' Retirement System are subject to his debts. The statute is very broad in its terms. It would appear to include within the benefit intended any person or persons who receive any part of the fund whether by direct designation or by distribution in intestacy or under the

terms of a will. Within the statutory text quoted above there is to be found no limitation whatever upon the immunities of the beneficiaries or of the funds. On the contrary, there is studied effort to make clear the completeness of the statutory exemption. If looked at from the viewpoint of the member himself it is shown that the exemption applies (a) to his right to a pension, (b) to an annuity due him, (c) to a retirement allowance, (d) to the return of contributions, (e) to the pension annuity or retirement allowance itself, and (f) to any optional benefit. Dealing with the pensioner and other persons who under the act may benefit from the operation of the retirement system the statute exempts " any other right accrued or accruing to *any person* under the provisions of " the act. (Italics supplied.) The statute goes further and declares to be exempt " the moneys in the various funds created under " the act.

As was said by CARDOZO, Ch. J., in *Surace v. Danna* (248 N. Y. 18, 20, 21), it is possible to ascribe to the same words meanings which lead to widely differing results but it is the duty of the court to construe words so as to effectuate the purpose of the statute. There the court was considering benefits under the Workmen's Compensation Law. The debtor there had received moneys as compensation and had taken them in his private name to the amount of $2,600. The question presented was whether $591.22 due on a judgment was collectible therefrom. The court held that the statutory purpose could be served only by declaring that the exemption protected the moneys throughout. Here the court has to determine what the Legislature meant by saying that " any other right accrued or accruing to any person under the provisions of the act " is exempt from creditors' claims. The underlying purpose of the statute is, *first,* the public good in stabilizing the status of persons in the educational system, *second,* the good of the member himself in guarding him against the results of his own improvidence and corollary to this the protection of the dependents of a member whose anxieties for their well-being are not a negligible factor in his public service even in the case of an improvident or unfortunate member.

The court holds that this statute immunizes the funds from the claims of creditors even after they reach the hands of the representative of the estate of the deceased member. (*Matter of LeBlanc, supra; Matter of Dickerson,* 168 Misc. 54.)

Submit on notice decree denying the application here made.