In the Matter of the Judicial Settlement of the Account of Proceedings of FLORENCE E. HOLDER, as Administratrix, etc., of CASPER T. HOLDER, Deceased. FLORENCE E. HOLDER, as Administratrix, etc., of CASPER T. HOLDER, Deceased, Appellant; NATIONAL SURETY CORPORATION and VINCENT HOLDER, Objectant, Respondents.— Appeal from a decree of the Surrogate's Court, Queens County, surcharging the administratrix with the sum of $1,245.84, disallowing her claim for exemption under section 200 of the Surrogate's Court Act, and directing that she pay two-thirds of the fund in the estate to respondent Vincent Holder. Decree modified on the law by deducting from said surcharge of $1,245.84 the amount of administration expenses ($295), leaving a balance of $950.84. As so modified, the decree is unanimously affirmed, with costs to both parties, payable out of the sum of $1,666.55 (being $715.71 now on hand and $950.84, the amount of the surcharge). Appellant is to be paid one-third and the objectant-respondent two-thirds of the balance. The matter is remitted to the Surrogate's Court for the entry of a decree accordingly. Since under subdivision (d) of section 724 of title 5 of the United States Code, the money payable from the retirement fund of the Federal Postal System may be paid to an administratrix, it is implied that administratration expenses should be payable out of the fund and that such payment is not prohibited by section 729 of title 5 of the United States Code, which provides that none of such moneys shall be assignable either in law or in equity, or be subject to execution, levy, attachment, garnishment, or other legal process. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.