## Daum *v.* Rouse.

May 3, 1954

No. 39203 63 Adv. S. 11 72 So. 2d 221

*Pittman & Pittman; Hannah, Simrall & Aultman,* Hattiesburg; *Barnett, Jones & Montgomery,* Jackson, for appellant.

858

*Hedgepeth & Norsworthy,* Jackson, for appellees.

KYLE, J.

This case is before us on appeal by Mrs. Edith Conrad Daum from a decree of the Chancery Court of Pearl River County denying her claim to certain funds paid

over by the Civil Service Commission of the United States to the administrator de bonis non cum testamento annexo of the estate of Mattie Wallace Conrad, deceased, and ordering the payment of said funds to the brothers and sisters of the deceased.

The record shows that Mrs. Mattie Wallace Conrad died on March 2, 1952, and that she left surviving her Robert Sidney Conrad, her lawful husband, and several brothers and sisters. She had no children, or other lineal descendants, and her father and mother had predeceased her.

For many years prior to her death Mrs. Conrad had been employed by the United States Government, and as such employee was subject to the Civil Service Retirement Act of 1930, as amended, (U. S. C. A., Title 5, Ch. 14, Sections 691 et seq.), and entitled to privileges and benefits therein provided. Shortly before her death, and after December 28, 1950, Mrs. Conrad retired from government service and upon retirement elected, in accordance with Section 4(b) of the Civil Service Retirement Act, as amended, (U. S. C. A., Title 5, Ch. 14, Section 698(b)), to take a reduced annuity so as to provide a survivorship annuity for her husband, Robert Sidney Conrad. Mrs. Conrad did not file a designation of beneficiary or beneficiaries on or subsequent to September 1, 1950, as provided by Section 12(k) of the act (U. S. C. A., Title 5, Ch. 14, Section 724(k)).

Mrs. Conrad at her death left a last will and testament dated July 31, 1947, in which she devised and bequeathed all of her real estate and personal property to her husband, Robert Sidney Conrad, and appointed her said husband executor without bond. The last will and testament was duly admitted to probate by a decree of the Chancery Court of Pearl River County on March 31, 1952, and letters testamentary were duly granted to Robert Sidney Conrad as executor of said will on that date.

Robert Sidney Conrad died on April 10, 1952. He left no last will and testament. He left surviving him as his sole and only heir at law one sister, Mrs. Edith Conrad Daum, the appellant herein. On July 18, 1952, N. C. Rouse, Clerk of the Chancery Court, was duly appointed administrator de bonis non cum testamento annexo of the Estate of Mrs. Mattie Wallace Conrad, deceased. The said administrator thereupon notified the United States Civil Service Commission of his appointment and qualification as administrator d.b.n., c.t.a., and a short time thereafter there was paid over to him as administrator the lump sum of $3,699.84, which represented the remainder of the sum credited to the account of the said Mrs. Mattie Wallace Conrad in the Civil Service Retirement fund at the time of her death. During the lifetime of Robert Sidney Conrad the Civil Service Commission had issued a check, payable to his order, for $116 in payment of accrued annuity then due. This check, however, was not received at the mailing address designated by Mr. Conrad until after his death; and the check was returned to the Civil Service Commission, with a notification of his death. Thereafter a new check for the same amount was issued to Mrs. Edith C. Daum, as administratrix of his estate.

On December 10, 1952, N. C. Rouse, administrator d.b.n., c.t.a., filed his final account, and a petition for approval and allowance of the final account and for authority to make a final distribution of the funds on hand belonging to the estate of Mrs. Mattie Wallace Conrad, deceased. Mrs. Edith Conrad Daum, the sister of Robert Sidney Conrad, deceased, and the above mentioned brothers and sisters of Mrs. Mattie Wallace Conrad, deceased, were made parties defendant to the petition. The brothers and sisters of Mrs. Mattie Wallace Conrad, deceased, as next of kin, appeared and filed their claim to the funds paid over to the administrator by the Civil Service Commission. Mrs. Edith Conrad Daum

likewise appeared and filed her claim to said funds as the heir at law and next of kin to Robert Sidney Conrad, deceased.

The cause was heard before the chancellor in vacation on September 25, 1953, and at the conclusion of the hearing the chancellor denied the claim of Mrs. Edith Conrad Daum and ordered that the funds be paid over to the brothers and sisters of Mrs. Mattie Wallace Conrad, deceased. The chancellor also held that the funds received by the administrator from the Civil Service Commission were not liable for the payment of the costs and expenses of administration.

From the decree denying her claim and directing the payment of the money to the brothers and sisters of Mrs. Mattie Wallace Conrad, deceased, the appellant, Mrs. Edith Conrad Daum, prosecutes this appeal.

The appellant's attorneys argue three points in support of the appellant's claim to the funds in controversy: (1) That under the terms of Title 5, Section 724(g) (3), Mrs. Mattie Wallace Conrad was the owner of a reversion in the funds, pending the death of her husband, and on his death the fund reverted to and became the property of her estate; (2) that the rules and regulations of the Civil Service Commission have the force and effect of law, and that under the rules and regulations of the Commission a designation of a beneficiary must be signed and acknowledged in the presence of two witnesses and filed with the Civil Service Commission prior to the death of the designator; hence Mrs. Conrad's will was not effective to designate her husband, who survived her as her beneficiary, but her will was effective to vest the title to said funds when they became assets of her estate by payment to her administrator; and (3) that if the appellant is mistaken as to the fund passing to Robert Sidney Conrad under the terms of the will, Robert Sidney Conrad was nevertheless entitled to the fund under the laws of descent and distribution of this state.

Title 5, Section 724(g) (3), U. S. C. A., provides as follows:

"(g) In any case in which—
"* * * *

"(3) the annuities of all persons entitled to annuity based upon the service of an officer or employee shall terminate, before the aggregate amount of annuity paid equals the total amount credited to the individual account of such officer or employee with interest at 4 per centum per annum to December 31, 1947, and 3 per centum per annum thereafter, compounded on December 31 of each year, to date of death or retirement of such officer or employee, whichever first occurs, the difference shall be paid, upon the establishment of a valid claim therefor, in the order of precedence prescribed in subsection (e) of this section."

Subsection (e) of Section 724 provides as follows:

"(e) In any case in which—

"(1) an officer or employee to whom sections 691, 693, 693-1, 698, 707, 708, 709-715, 716 to 719-1, 720-722, 724, 725, 727-729, 730, 731, 733, 736b, and 736c of this title apply shall die before having rendered five years of civilian service computed as prescribed in section 707 of this title, or after having rendered five years of civilian service but without a survivor or survivors entitled to annuity benefits provided by subsection (c) of this section; or

"(2) The right of all persons entitled to annuity under subsection (c) based on the service of such officer or employee shall terminate before a valid claim therefor shall have been established, the total amount credited to the individual account of such officer to employee with interest at 4 per centum per annum to December 31, 1947, and 3 per centum per annum thereafter, compounded on December 31 of each year, to the date of death of such officer or employee, shall be paid, upon the establishment of a valid claim therefor, to the person or persons sur-

viving at the date title to the payment arises, in the following order of precedence, and such payment shall be a bar to recovery by any other person.

"First, to the beneficiary or beneficiaries as the officer or employee may have designated by a writing received in the Civil Service Commission prior to death;

"Second, if there be no such beneficiary, to the widow or widower of such officer or employee;

"Third, if none of the above, to the child or children of such officer or employee and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such officer or employee or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such officer or employee;

"Sixth, if none of the above, to other next of kin of such officer or employee as may be determined by the Civil Service Commission to be entitled under the laws of domicile of such officer or employee at the time of his death.

"Determination as to widow or child shall be made by the Civil Service Commission without regard to the definition of these terms stated in subsection (d) of this section."

As we undertake to apply the above mentioned provisions of subsection (g) and subsection (e) of Section 724 to the facts in this case, it seems clear to us that, when Mrs. Conrad elected to receive a reduced annuity for herself and a supplemental annuity after her death for her husband, as provided for in Section 698(b), (U. S. C. A., Title 5, Ch. 14), she still retained a remainder interest in whatever unexpended balance there might be in the fund credited to her individual account at the time of the death of her husband. This unexpended balance, if any, she might have elected to have paid to a beneficiary designated by her, as provided in subsection (e)

(2). But Mrs. Conrad failed to designate a beneficiary, as provided in subsection (e) (2), and since she had no children or other lineal descendants, or father or mother, who were entitled to claim such unexpended balance on hand at the termination of the annuity payable to her husband, such unexpended balance became payable under subsection (e) (2) to the executor or administrator of her estate.

The Civil Service Commission paid the above mentioned sum of $3,699.84, which represented the remainder of the sum credited to the account of Mrs. Conrad in the Civil Service Retirement Fund, to the administrator soon after the death of her husband. The administrator received the money under authority of the Civil Service Retirement Act. The money came to him in his representative capacity as administrator d.b.n., cum testamento annexo, of Mrs. Conrad's estate; and the money must be accounted for by him as a part of the assets of her estate. Murray v. O'Hara, 291 Mass. 75, 195 N. E. 909; In re Dickerson's Estate, 300 N. Y. Supp. 748, 165 Misc. 230.

In the case of Hulsart v. United States (U. S. Court of Claims 1949), 86 F. Supp. 902, the Court in holding that a new designation of a beneficiary signed by the employee before death naming his estate as beneficiary was valid, said: "It is our understanding, however, that under the provisions of the laws of the District of Columbia, where such estate is pending, the widow of the deceased is entitled to a portion of the personal property. The disbursing of this fund by the Administrator will, of course, be subject to the approval of the appropriate court of the District to which the Administrator reports."

The money having been paid over to Mrs. Conrad's administrator must be accounted for and paid over by him to the person or persons entitled thereto under her will, unless the Civil Service Retirement Act provides

otherwise; and we find nothing in the act to indicate that the funds should be paid over to any person other than the person entitled to Mrs. Conrad's estate under the terms of her will.

Upon the death of Mr. Conrad the remaining portion of the retirement fund to the credit of Mrs. Conrad's account became the property of her estate and passed under the terms of her will. Her husband had been named as sole legatee of her estate under the terms of the will. He was her sole heir under the statutes of descent and distribution. After Mrs. Conrad's death, he was the owner of an annuity charged against the fund and the remainder interest in the fund after the termination of the annuity.

We think that the chancellor was in error in ordering that the funds be paid over to the brothers and sisters of Mrs. Conrad instead of the appellant, and that the decree of the lower court should be reversed and a decree should be entered here in favor of the appellant.

 We also think that the chancellor was in error in holding that the funds were not liable for any part of the administration expenses. Since, under subsection (e) (2) of Section 724 (U. S. C. A., Title 5, Ch. 14), the money payable from the retirement fund is payable to the administrator, it is implied that administration expenses should be payable out of the fund and that such payment is not prohibited by Section 729, (U. S. C. A., Title 5, Ch. 14), which provides that none of such moneys shall be assignable either in law or in equity, or be subject to execution, levy, attachment, garnishment, or other legal process. In re Holder's Estate, 264 App. Div. 898, 35 N. Y. Supp. 2d 1020.

For the reasons stated above, the decree of the lower court is reversed and a judgment will be entered here in favor of the appellant; and the cause will be remanded

for such further proceedings as may be necessary to give effect to the views hereinabove expressed.

Reversed and judgment rendered in favor of the appellant and remanded.

*Hall, Lee, Arrington* and *Gillespie, JJ.,* concur.