## Department of Public Assistance v. Engell

*Eugene G. Kitko*, for plaintiff.

*Gleason & Cherry* and *Robert V. Main*, for defendants.

PENTZ, P. J., March 21, 1956.—Department of Public Assistance, Commonwealth of Pennsylvania, entered into an agreement with Alfred A. Engell, defendant, in which the Department of Public Assistance

accorded assistance to Alfred A. Engell and his family, pending receipt of workmen's compensation benefits. The agreement also contained a clause that Engell would notify the Jefferson County board of assistance immediately upon receipt of the moneys referred to, and return any assistance check received thereafter. This agreement contained a clause authorizing the confession of judgment against him in the sum of $2000.

By virtue of this clause, the Department of Public Assistance entered judgment in the Court of Common Pleas of Clearfield County to no. 260, November term, 1955.

At the time, defendant had a compensation claim pending against the United States, for injuries received while employed on a Federal project in the State of Washington, receiving finally therefor the sum of $5,385.60.

Engell then deposited these funds, in one account in the DuBois Deposit National Bank, in the name of Alfred A. Engell and Nellie Engell, his wife, in a savings account in the sum of $1000 on September 26, 1955. On the same day he deposited $700 in a checking account in his own name in the Union Banking and Trust Company in DuBois.

On the judgment previously entered, the Department of Public Assistance issued a fraudulent debtor's attachment against Alfred A. Engell and Nellie Engell as defendants, and DuBois Deposit National Bank as garnishee. The attachment being to no. 283 November term, 1955, in the Court of Common Pleas of Clearfield County, and attachment execution also issued against Alfred A. Engell, defendant, and Union Banking and Trust Company, garnishee, being attachment execution to no. 282 November term, 1955.

The amounts claimed by the Department of Public Assistance, for assistance granted under the agree-

ment in the amount of the judgment, namely, $2000, will absorb both accounts.

Defendant filed motions to dissolve the attachments in each case, relying upon the Federal Employees Compensation Act, sec. 775, September 7, 1916 c. 458, §25, 39 Stat. L. 747 (5 U. S. C. §775), which provides as follows:

"Any assignment of a claim for compensation under sections 751-791, 793 of this title shall be void, and all compensation and claims therefor shall be exempt from all claims of creditors", thus rendering Federal compensation payments not subject to attachment.

The Department of Public Assistance contends that such funds are attachable, when paid over to the injured claimant, and received by him.

The record clearly indicates that this defendant requested relief pending settlement of his compensation claim, and further agreed to notify the Jefferson County board of assistance when he received such moneys, and to return any assistance check received thereafter. No question is raised concerning the return of any assistance checks, but he does agree to refund the Department of Public Assistance the amount of the assistance claim he has received for support of himself and his wife and children, when he is paid the compensation.

The claim of the Department of Public Assistance is distinctly one for support granted by the Commonwealth, in the situation and under the circumstances as defined in Arnold's Estate, 253 Pa. 517.

In this particular case, the funds advanced by the Commonwealth of Pennsylvania, through the Department of Public Assistance, were advanced for the maintenance and support of defendant and his family, and as stated in Arnold's Estate, supra, while the care of indigent persons has been assumed by the Commonwealth of Pennsylvania, the taxpayers of the Common-

wealth are entitled to reimbursement wherever possible.

In passing upon the exemption claimed under the Federal Compensation Law, the courts of Pennsylvania passed upon similar exemption clauses in soldier's pension awards. In Stein's Case, 118 Pa. Superior Ct. 549, the Superior Court states as follows on page 553:

"However, the general rule is that language relating to exemptions is to be strictly construed: Com. v. Sunbeam Water Co., 284 Pa. 180, 130 A. 405. Nor do we question the power of Congress to protect pension money, and make it inaccessible to the payment of attorney's fees, or exempt it from seizure by creditors, under our state laws, until it shall have passed into the hands of the pensioner: Reiff et al. v. Mack, 160 Pa. 265, 28 A. 699. But the laws and regulations relating thereto do not apply to money after it has passed into the hands of the beneficiary. The weight of authority sustains the proposition that when the transmission of pension money is ended, and the pensioner or his guardian has received it, the government's authority ceases.

"McIntosh v. Aubrey, 185 U. S. 122, 125, 22 S. Ct. 561, 46 L. ed. 834, 838, was a case arising in this state. The court said: 'We concur, therefore, with the learned judge of the court of common pleas of Pennsylvania, that the "exemption provided by the act protects the fund only while in the course of transmission to the pensioner. When the money has been paid to him it has 'inured wholly to his benefit,' and it is liable to seizure as opportunity presents itself." ' "

Therefore, in view of the particular circumstances in this case, the motion to strike off the attachment is overruled, and judgment directed to be entered against defendant, and against the garnishee for whatever amount is in the hands of the garnishee, in the account of Alfred A. Engell and Nellie Engell.