## Commonwealth v. Garlick

*David Waid Patterson*, for plaintiff.
*Hiram M. Drake*, for defendant.

RODGERS, P. J., September 28, 1961.—The Commonwealth granted assistance to defendant for the benefit

of her two minor children from May 10, 1958, until April 27, 1960.

Defendant executed an agreement to pay claim on May 6, 1959, in the total sum of $2,006.13. In this agreement, defendant agreed to pay to the Commonwealth "its claim for all the assistance granted to or for me and/or to or for my spouse and minor children pending the receipt of the above . . . designated money or the amount of money received, whichever is the lesser."

The above-designated money included moneys to be received from the Social Security Administration. The claim was made with the Social Security Administration, and payments were received which totaled $3,592.60. Defendant deposited about $1,000 of this money in the Grove City National Bank and this sum was attached by plaintiff.

Defendant claims that this is improper because the Social Security Act of August 10, 1939, 42 U.S.C.A. §407 exempts Social Security benefits from attachment by creditors either before or after receipt by the beneficiary. We do not agree. Plaintiff-creditor here is the Commonwealth, which has expended moneys for the benefit of defendant and her wards for the very same purposes for which the Social Security benefits were paid. See Commonwealth of Pennsylvania v. Shafer, October term 1947, no. 1411, in Court of Common Pleas of Luzerne County. This is especially true where defendants, as here, have signed "agreements to pay claims": Commonwealth v. Allen, Court of Common Pleas of Erie County, October term 1957, no. 496; Commonwealth v. Thompson, Court of Common Pleas of Lancaster County, September term 1958, no. 68. The opinions in these cases fully sustain our conclusion.

The Dilijonas Case, 16 D. & C. 2d 142, is not authority for the contrary position. In that case, there

was no specific repayment agreement executed. The decision was also based on the court's discretionary right to deny the complete depletion of an incompetent's estate.

A distinction should also be noted between tax claims and support claims. The allowance of the former defeats the ends of the Federal legislation, while the allowance of the latter promotes it: In re Lewis' Estate, 287 Mich. 179, 283 N. W. 21 (1938). The Commonwealth is, in fact, paying an obligation of the Federal government. It does not act as a mere volunteer, as it pays only when the persons are in need, and no one seriously disputes the interest of the State in caring for its residents in such a situation. The Support Law makes it clear that the Commonwealth does not intend a gift in this situation.

*Order*

And now, September 28, 1961, the prayer of plaintiff is granted.