## McGreevy Estate.

Argued September 28, 1971. Before JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*Allen S. Gordon,* for appellant.

*Frederick N. Frank,* Assistant Attorney General, with him *Richard L. Kelly,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Justice Jones, December 20, 1971:

Helen McGreevy (decedent), an Allegheny County resident, died intestate on August 17, 1967, and letters of administration in her estate were issued to Jane E. Byrnes (appellant), decedent's sister and sole heir at law.

Decedent for some years had been mentally incompetent and appellant had been acting as guardian of her estate. For many years decedent had been entitled to monthly disability retirement annuity benefits paid by the United States Civil Service Commission under the provisions of an Act of Congress providing for retirement of civil service employees.[1] These retirement annuity benefits due and owing to decedent during her lifetime had been paid to appellant as decedent's guardian.

Appellant, as personal representative of decedent's estate, filed an account in the Orphans' Court of Allegheny County, which showed a balance of $6,655.92. By stipulation between the Commonwealth of Pennsylvania and appellant, the appellant was permitted to pay decedent's funeral bill and the costs of a marker, leaving a balance of $5,395.92 in the account for distribution.

For over twenty-nine years the decedent had been a patient in the Mayview State Hospital and her care and maintenance at such institution was paid by the Commonwealth. At the audit of the account, the Commonwealth presented a claim in the amount of $28,-413.56 for such past care and maintenance of decedent. Appellant resisted payment of the Commonwealth's claim in reliance on section 8346(a) of the federal statute, supra, which states: "The money mentioned by this subchapter is not assignable, either in law or equity,

---

[1] Pub. L. 89-554, September 6, 1966, 80 Stat. 557, 5 U.S.C. Chapter 83, §§8301-8348, incl.

or subject to execution, levy, attachment, garnishment, or other legal process." The auditing judge disallowed the Commonwealth's claim and awarded the balance of the estate to appellant as the sole heir and next of kin of decedent. Exceptions were filed by the Commonwealth and the court en banc unanimously sustained the Commonwealth's exceptions, allowed the claim of the Commonwealth and directed payment of the account balance ($5,395.92) to the Commonwealth. From that decree the instant appeal was taken.

The sole question at issue is: are monies derived by a decedent's estate from monthly disability retirement annuity benefits paid, during decedent's lifetime, to her guardian by the United States Civil Service Commission exempt from the Commonwealth's claim for the cost of decedent's care and maintenance at a state institution?

The question as posed is one of first impression in the Commonwealth although there is case law interpreting somewhat similar provisions of other federal statutes.

A reading of §8346(a), supra, reveals a Congressional intent to protect the monthly retirement annuity payments from assignment, execution, levy, attachment, garnishment or other legal process until the funds reach the hands of the recipients. The rationale of *Stein's Case*, 118 Pa. Superior Ct. 549, 180 A. 577 (1935)[2] is most apposite to the problem in the case at bar: "However, the general rule is that language relating to exemptions is to be strictly construed: [citing an authority]. Nor do we question the power of Congress to protect pension money, and make it inaccessible to the payment of attorney's fees, or exempt it from seizure by creditors, under our state laws, until

---

[2] The funds in *Stein's Case* were paid by the Veterans' Administration to the guardian of the estate of an incompetent.

it shall have passed into the hands of the pensioner: [citing an authority]. But the laws and regulations relating thereto do not apply to money after it has passed *into the hands of the beneficiary*. The weight of authority sustains the proposition that when the transmission of pension money is ended, and the pensioner or his guardian has received it, the government's authority ceases." (p. 553). *Stein's Case* was upheld in *Hines v. Stein*, 298 U.S. 94, 56 S. Ct. 699 (1936) wherein, inter alia, the Court stated: "Nothing brought to our attention would justify the view that Congress intended to deprive state courts of their usual authority over fiduciaries, or to sanction the promulgation of rules to that end by executive officers or bureaus." (298 U.S. at p. 98). *See also: McIntosh v. Aubrey*, 185 U.S. 122, 125, 22 S. Ct. 561 (1902).

We hold that once the monthly retirement annuity benefits reached the hands of her guardian the exemption provisions of §8346(a), supra, ceased to control the ultimate disposition of the payments received. The essential equity of so holding is clearly illustrated in the case at bar. For upwards of 29 years the Commonwealth cared for and maintained the decedent in one of its institutions and assumed and performed sole responsibility during this period of time for the welfare of the incompetent. For the expenses and costs involved in the assumption of such responsibility the Commonwealth is clearly entitled to be paid.[3]

*Jones Estate*, 15 Fiduc. Rep. 397 (1965) and *Kauffeld Estate*, 20 Fiduc. Rep. 612 (1970), relied upon by appellant, to the extent that such decisions conflict with the instant holding are overruled. *Beall Estate*, 384 Pa. 14, 119 A. 2d 216 (1956) is clearly inapposite.

---

[3] *Cf. Department of Public Assistance v. Engell*, 6 Pa. D. & C. 2d 563 (1956) ; *Commonwealth v. Garlick*, 26 Pa. D. & C. 2d 389 (1961).

Decree affirmed. Appellant pay costs.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice BELL, Mr. Justice ROBERTS and Mr. Justice BARBIERI took no part in the consideration or decision of this case.