Raymond A. Miller and Patricia M. Miller, his wife, Petitioners v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 7, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*John A. Kopay*, with him *Cynthia A. Sheehan*, for petitioners.

*Edward P. Carey*, Assistant Attorney General, with him *Linda M. Gunn*, Assistant Attorney General, for respondent.

Opinion by Judge Blatt, August 28, 1980:

Raymond Miller (petitioner) contests a Department of Public Welfare (DPW) decision to discontinue assistance benefits to him and his family because of his failure to reimburse DPW for monies received while he awaited delayed payments of Federal Civil Service Disability Retirement benefits.

The petitioner, a former Postal Service employee, his wife and their six (6) minor children have received $541 per month in Aid for Dependent Children (AFDC) assistance since February of 1978. In July of that year the petitioner applied for U.S. Civil Service Disability Retirement benefits, and in August he signed an Agreement and Authorization to Pay Claim (form PA 176-K) which constituted an acknowledgment of his obligation to reimburse the Commonwealth for AFDC funds so received. In December of 1978 he received a $2154 check in accumulated Civil Service disability aid and these funds were placed in a savings and loan account in the name of his attorney in trust for the petitioner. Subsequently, the County Assistance Office (CAO) demanded reimbursement from these benefits for the state assistance extended while the petitioner awaited his Civil Service payment. When he refused to make such reimbursement, the CAO notified him of the termination of his AFDC benefits on the grounds that the $2154 was available for the needs of his family and that such amount exceeded his monthly allowance. After a hearing, the hearing examiner upheld the CAO action and his decision was sustained by the DPW.

Our scope of review of a DPW adjudication is restricted to a determination as to whether or not the decision violated the petitioner's constitutional rights, was in accordance with the law and was supported by substantial evidence. Administrative Law and Procedure, 2 Pa. C. S. §704.

The hearing examiner addressed two issues: 1) whether or not delayed Civil Service Disability Retirement Benefits in the control of a recipient of AFDC assistance are subject to reimbursement by the DPW and 2) whether or not the accumulated benefits are

available to meet the needs of the petitioner's family and render him ineligible for assistance. The examiner held that the CAO correctly requested reimbursement out of the Civil Service benefits and further found that petitioner had such control of the trust fund as to make the money available to meet the needs of his family.

The petitioner contends that delayed Civil Service benefits are not reimbursable by the Commonwealth because federal law exempts these payments from attachment and other legal process.[1] He argues that Civil Service disability payments should be subject to the broad exemptions given to Social Security benefits[2] and Veterans' assistance[3] on the grounds that the similarity of the language of the three statutes concerned evidences an identical Congressional intent.[4]

---

[1] 5 U.S.C. §8346(a) provides:

The money mentioned by this subchapter is not assignable, either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 of this title, or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws.

5 U.S.C. §§8345(h) and (j) are not applicable herein.

[2] *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973) (New Jersey could not seek reimbursement from Social Security disability benefits).

[3] *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962) (Veterans' disability benefits maintained their creditor-exempt status even after deposit into a savings and loan association).

[4] Section 207 of the Social Security Act, 42 U.S.C. §407, provides:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

We cannot agree that federal law exempts delayed Civil Service disability benefits from claims for reimbursement by the Commonwealth. Our Supreme Court, in *McGreevy Estate,* 445 Pa. 318, 286 A.2d 355 (1971), held that monthly Civil Service retirement benefits paid to an incompetent's guardian lost their exempt status once they reached the hands of the guardian and the Commonwealth could seek reimbursement from the estate of the deceased incompetent. We must therefore hold that the exemption of the petitioner's Civil Service disability benefits ended upon his receipt of the $2154 check.[5]

Moreover, we find no error in the hearing examiner's determination that the retirement disability funds were within the petitioner's control and available to meet the needs of his family. The record reveals no evidence that petitioner could not direct his attorney to deplete the trust account at any time, and inasmuch as $2154 exceeds this petitioner's monthly AFDC allowance, the CAO properly discontinued assistance when it learned that this money was available for his use.

---

Veterans' benefits are exempted in 38 U.S.C. §3101(a):

Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be . . . exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

[5] This is not inconsistent with the decisions relative to Social Security and Veterans' benefits because the Social Security language refers to monies which are "paid or payable", 42 U.S.C. §407, and the language of the Veterans' Act protects payments "either before or after receipt by the beneficiary." Section 8346(a) contains no such specific language.

## ORDER

AND NOW, this 28th day of August, 1980, the order of the Department of Public Welfare in the above-captioned case is affirmed.