**In re Daniel Frank BIZON, Jr., Debtor.**

**Bankruptcy No. 82–2–0187.**

United States Bankruptcy Court,
D. Maryland.

April 6, 1983.

Robert Greenwalt, Baltimore, Md., for debtor.

H. Richard Piet, Baltimore, Md., for SSA, Baltimore Fed. Credit Union.

Richard Kremen, Baltimore, Md., trustee of the estate.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

Debtor is a former federal government employee who has the right to demand the immediate withdrawal of all funds contributed to the Civil Service Retirement Fund. Richard M. Kremen, Trustee in Bankruptcy, and SSA, Baltimore Federal Credit Union have objected to the debtor's claim that lump-sum proceeds in the Civil Service Retirement Fund are exempt from execution under 5 U.S.C. § 8346(a). For the reasons set forth below, the court will enter an order overruling the objections.

## STATEMENT OF FACTS

The debtor started work at the Social Security Administration in October, 1963, and worked there for approximately 17 years, voluntarily terminating employment in February, 1981. Until December, 1969, 6½% of debtor's base pay was deducted and credited to his Civil Service Retirement Fund. From January, 1970, through date of separation, 7% of debtor's base pay was deducted and credited to the Fund. Interest is added to these deductions at the rate of 3%, compounded annually. At the time of debtor's voluntary separation from service, approximately $18,300.00 had been credited to the Fund on his behalf.

SSA, Baltimore Federal Credit Union ("SSA BFCU") is a creditor, having filed proof of claim in the amount of $3,664.38 plus interest at 15%, as evidenced by a judgment entered in the District Court of Maryland for Baltimore County on February 11, 1982, Case No. 14619–81.

Debtor filed a petition under Chapter 7 on February 3, 1982. The first meeting of creditors was held April 8, 1982, at which meeting debtor appeared without representation by counsel. Debtor had not scheduled the Civil Service Retirement Fund as an asset of the estate under § 541. SSA BFCU reported that fact to the trustee, and

the trustee required debtor to schedule the asset. Subsequently, an amended schedule was filed reporting Civil Service Retirement Benefits in the amount of $18,000.00 and claiming it exempt under the provisions of 5 U.S.C. § 8346. Debtor was born in September, 1943. Under existing law, he would not be entitled to the receipt of a retirement annuity until the year 2005 when he attains the age of 62 years. For the purposes of this proceeding, the court assumes that the debtor will, immediately following his discharge and the closing of this case, elect to have the lump-sum credit held for his account turned over to him.

## THE OBJECTIONS

The trustee urges that because the debtor has the vested right to have the lump-sum credit turned over, it would be inequitable and unfair to his creditors to permit the debtor to draw the credit free and clear of creditors' claims after bankruptcy. SSA BFCU urges that by filing a bankruptcy petition he has subjected his retirement fund assets to the jurisdiction of this court and should therefore be ordered to turn the lump-sum proceeds over to the trustee.

## APPLICABLE LAW

This case involves the interpretation of the Civil Service Retirement Act, 5 U.S.C. §§ 8331, *et seq.,* and particularly the "spendthrift" provision thereof, 5 U.S.C. § 8346(a), that provides as follows:

§ 8346. *Exemption from legal process; recovery of payments*

(a) The money mentioned by this subchapter [5 USC §§ 8331 et seq.] is not assignable, either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 [5 USC § 8345] of this title, or subject to execution, levy, attachment, garnishment, or other legal process, except as otherwise may be provided by Federal laws.

This provision must be read in the light of the exemption provisions of the Bankruptcy Code and in particular 11 U.S.C. § 522(b)(2)(A) that provides:

§ 522. *Exemptions*

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

\* \* \* \* \* \*

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

The funds in question are defined as a "lump-sum credit" in 5 U.S.C. § 8331(8):

§ 8331. *Definitions*

(8) "lump-sum credit" means the unrefunded amount consisting of—

(A) retirement deductions made from the basic pay of an employee or Member;

(B) amounts deposited by an employee or Member covering earlier service; and

(C) interest on the deductions and deposits at 4 percent a year to December 31, 1947, and 3 percent a year thereafter compounded annually to December 31, 1956, or, in the case of an employee or Member separated or transferred to a position in which he does not continue subject to this subchapter [5 USC §§ 8331 et seq.] before he has completed 5 years of civilian service, to the date of the separation or transfer;

Debtor is not now eligible for "immediate retirement" benefits under 5 U.S.C. § 8336 or for benefits disability retirement under 5 U.S.C. § 8337. He may qualify for retirement when he attains the age of 62 years under 5 U.S.C. § 8338, which provides:

§ 8338. *Deferred retirement*

(a) An employee who is separated from the service or transferred to a position in which he does not continue subject to this subchapter [5 U.S.C. §§ 8331 et seq.] after completing 5 years of civilian service is entitled to an annuity beginning at the age of 62 years.

(b) A Member who, after December 31, 1955, is separated from the service after completing 10 or more years of Member service is entitled to an annuity beginning at the age of 60 years. A Member who is separated from the service after completing 20 or more years of service, including 10 or more years of Member service, is entitled to a reduced annuity beginning at the age of 50 years.

The disposition of lump-sum benefits is governed by 5 U.S.C. § 8342:

§ 8342. *Lump-sum benefits; designation of beneficiary; order of precedence*

(a) An employee or Member who is separated from the service, or is transferred to a position in which he does not continue subject to this subchapter [5 USC §§ 8331 et seq.], is entitled to be paid the lump-sum credit if his separation or transfer occurs and application for payment is filed with the Office of Personnel Management at least 31 days before the earliest commencing date of any annuity for which he is eligible. The receipt of payment of the lump-sum credit by the individual voids all annuity rights under this subchapter [5 USC §§ 8331 et seq.], until he is reemployed in the service subject to this subchapter [5 USC §§ 8331 et seq.]. This subsection also applies to an employee or Member separated before October 1, 1956, after completing at least 20 years of civilian service.

(b) Under regulations prescribed by the Office, a present or former employee or Member may designate a beneficiary or beneficiaries for the purpose of this subchapter [5 USC §§ 8331 et seq.].

(c) Lump-sum benefits authorized by subsections (d)–(f) of this section shall be paid to the person or persons surviving the employee or Member and alive at the date title to the payment arises in the following order of precedence, and the payment bars recovery by any other person:

First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death.

For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to widow or widower of the employee or Member.

Third, if none of the above, to the child or children of the employee or Member and descendants of deceased children by representation.

Fourth, if none of the above, to the parents of the employee or Member or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee or Member.

Sixth, if none of the above, to such other next of kin of the employee or Member as the Office determines to be entitled under the laws of the domicile of the employee or Member at the date of his death.

For the purpose of this subsection, "child" includes a natural child and an adopted child, but does not include a stepchild.

(d) If an employee or Member dies—

(1) without a survivor; or

(2) with a survivor or survivors and the right of all survivors terminates before a claim for survivor annuity is filed;

or if a former employee or Member not retired dies, the lump-sum credit shall be paid.

## DISCUSSION

The objecting parties would have this court declare that it was the intention of Congress in enacting the Bankruptcy Reform Act of 1978 to nullify the pervasive and detailed protection afforded by 5 U.S.C. § 8346. Such a sweeping change affecting the rights of millions of government workers may not be presumed without a clear mandate from Congress. There is none such here. It may be noted that the exemption described is not limited to funds due to present workers or to retirees. The exemption dealt with pertains to *money*. That being the case, it would be improper for this court to redraft the legislation and

carve out an exception to the statutory directive of Congress with regard to workers "resigned from the Government but not yet retired," *Schellfeffer v. U.S.*, 343 F.2d 936, 941 (Ct.Cl.1965), and leave the rest of the statute intact.

The court has not been directed to any published decisions on point. While the debtor concedes that the funds are property of the estate and removed from the estate by way of the exemption claimed, this is not the way the Code deals with spendthrift trusts. The debtor's interest in such a trust is not property of the estate. *See, First Northwestern Trust Co. v. Internal Revenue Service,* 622 F.2d 387, 391 (8th Cir. 1980); *In re Kelleher,* 12 B.R. 896 (Bkrtcy. M.D.Fla.1981); 11 U.S.C. § 541(c)(2). *Atwater v. Roudebush,* 452 F.Supp. 622 (E.D. Ill.1976), cited by SSA BFCU is not helpful to the determination of this case. *Atwater* was not a garnishment but a nonjudicial set off. Moreover, the garnishment restrictions of 15 U.S.C. §§ 1672–1673 discussed in *Atwater* apply to earnings and not to the principal sum or the lump-sum benefit.

The objecting parties rely upon *Matter of Prestien,* 427 F.Supp. 1003, 1007 (S.D.Fla. 1977), *Miller v. Commonwealth,* 53 Pa. Cmwlth. 575, 418 A.2d 814 (Pa.1980), and *In re Holder's Estate,* 264 A.D. 898, 35 N.Y. S.2d 1020 (1942) in support of their claim. Each of these cases dealt with once-exempt funds that lost their exempt character having been actually paid over to the beneficiary. Once in the hands of the beneficiary, the funds are in all respect fungible. *See generally, In re Estate of McGreevy,* 445 Pa. 318, 286 A.2d 355 (1971); *Annotation,* "Employee retirement pension benefits as exempt from garnishment, attachment, levy, execution, or similar proceedings." Annot., 93 A.L.R.3d 711. The court cannot conclude merely because the debtor could, if he desired, draw the funds down now, that he can be forced to make application for and turn over the funds. The court would have no more right to do this with Mr. Bizon than it would to compel any current civil service employee to resign a job, collect the lump-sum benefit, and turn it over to the trustee. The reasoning is the same in either the case of the current employee or the resigned but not retired employee.

Recently, the Supreme Court had to weigh in the balance the rights of a deceased serviceman's minor children to his Serviceman's Group Life Insurance policy proceeds against the rights of the named beneficiary, the second wife. While a state court divorce judgment required the deceased serviceman to maintain life insurance for the benefit of his minor children, less than four months after the decree, the serviceman changed the policy designation. In upholding the anti-attachment provision of the Servicemen's Group Life Insurance Act of 1965, Pub.L. 89–214, 79 Stat. 880, over a constructive trust sought to be imposed by a state court decree, Justice Blackmun reasoned:

We recognize that this unpalatable case suggests certain "equities" in favor of the respondent minor children and their mother. Sergeant Ridgway did have specific obligations to the children that were imposed by the 1977 divorce judgment of the Maine court. Those obligations concerned not only life insurance "now outstanding" for the benefit of the children, but also extended to their support, to clothing, to "medical, dental, and optical expense," and to certain loans and other indebtedness. App. 13–15. Ridgway, instead, chose to name his then new wife as beneficiary of his SGLIA policy.

A result of this kind, of course, may be avoided if Congress chooses to avoid it. It is within Congress' power. Thus far, however, Congress has insulated the proceeds of SGLIA insurance from attack or seizure by any claimant other than the beneficiary designated by the insured or the one first in line under the statutory order of precedence. That is Congress' choice. It remains effective until legislation providing otherwise is enacted.

*Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 59, 70 L.Ed.2d 39 (1981).

The language is equally applicable here. An order will be entered in accordance with this opinion.