In re ESTATE OF Robert C. FINK, Deceased.

No. C4–88–519.

Court of Appeals of Minnesota.

July 5, 1988.

Timothy A. Olcott, Somsen, Dempsey & Schade, P.A., New Ulm, for appellant William M. Schade.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and LOMMEN, JJ.,* without oral argument.

## OPINION

HUSPENI, Judge.

William M. Schade, as personal representative of the estate of Robert C. Fink, moved for a final accounting of the estate. On February 22, 1988, the district court denied the motion on the grounds that the claims of the creditors had not been paid and the funds of the estate were not exempt from such claims. From that order, appeal is taken. We affirm.

## FACTS

Robert C. Fink died intestate on December 22, 1986. His major asset at the time of his death was his interest in a teacher's retirement account. This account, established under Minn.Stat. § 354.045 et seq., had a value of $21,024.95. Earl Fink, the named beneficiary of the account, predeceased Robert Fink. Therefore, under Minn.Stat. § 354.10, the retirement account was paid to Robert Fink's estate. Robert Fink's sole heirs-at-law are his two sons. There were numerous claims against the estate for debts Robert Fink incurred during his life.

William Schade was named personal representative of Robert Fink's estate. Schade made a final accounting of the estate but made no payment to creditors of the deceased. Schade moved for an order allowing the final accounting on December 4, 1987, and indicated that the claimants of the estate were not paid because, under Minn.Stat. § 354.10, the funds in the estate which came from the teacher's retirement account were exempt from attachment or execution. Minn.Stat. § 354.10 (1984) provides:

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

**Fund not subject to assignment or process; beneficiaries**

The right of a teacher to take advantage of the benefits provided by this chapter is a personal right only and shall not be assignable. All money to the credit of a teacher's account in the fund or any money payable to the teacher from the fund shall belong to the state of Minnesota until actually paid to the teacher or a beneficiary pursuant to the provisions of this chapter. Any power of attorney, assignment or attempted assignment of a teacher's interest in the fund, or of the beneficiary's interest therein, by a teacher or a beneficiary, shall be null and void and the same shall be exempt from taxation under chapter 291 and from garnishment or levy under attachment or execution, except as provided in section 518.-611. * * * In case a designated beneficiary dies before the teacher designating the beneficiary dies, and a new beneficiary is not designated, the teacher's estate shall be the beneficiary.

The trial court, in response to a previous request for an interim order, refuted the representative's argument. The court stated:

Under the statute the account is exempt from garnishment levy or execution while in the Teacher's Account but once it becomes an asset in the estate, it is no longer exempt. It could not be argued that once the teacher drew those out and they were in his hands personally that they could be exempt from creditors. Therefore, similarly once they become an asset of the estate they are not exempt.

Appeal is taken from the trial court's denial of a request for a final accounting.

## ISSUE

Are funds paid to an estate from a teacher's retirement account exempt from execution or levy after they become an asset of the estate?

## ANALYSIS

In *In re Hallbom's Estate*, 189 Minn. 383, 249 N.W. 417 (1933), the issue presented was whether benefits paid to an estate under a war risk insurance policy could be attached. 38 U.S.C.A. § 454, provided:

[T]he compensation, insurance, and maintenance and support allowance payable [under the act] shall not be assignable; shall not be subject to claims of creditors of any person to whom an award is made [under the act]; and shall be exempt from taxation.

*Id.* at 388, 249 N.W. at 419.

As is the case with the teacher retirement fund, if the insured and the beneficiary of the war risk insurance died prior to the money from the policy being paid out, the money became an asset of the insured's estate. The *Hallbom* court stated that if the fund became an asset of the estate as of the date of the insured's death,

it must follow, in the absence of controlling declaration of Congress to the contrary or of some effective state exemption law, * * * that the fund is available for the payment of the claims of the creditors of the deceased * * *.

*Id.* at 389, 249 N.W. at 419. In this case, we have been directed to no other state or federal exemption law than section 354.10. We believe that section requires that funds paid to the deceased's estate from the teacher retirement fund are available for the payment of the claims of creditors of the deceased.

We find additional support for the availability of the funds here for the payment of creditors' claims in *In Re Estate of McGreevy*, 445 Pa. 318, 286 A.2d 355 (1971). The *McGreevy* court addressed the question of whether "monies derived by a decedent's estate from monthly disability retirement annuity benefits paid, during decedent's lifetime, to her guardian by the United States Civil Service Commission [are] exempt from the [state's] claim for the cost of decedent's care and maintenance at a state institution?" *Id.* 286 A.2d at 356. The court held:

[O]nce the monthly retirement annuity benefits reached the hands of her guardian the exemption provisions of [the exemption statute] ceased to control the ultimate disposition of the payments received.

*Id.* at 356–57. The court found an intent on the part of congress "to protect the monthly retirement annuity payments from assignment, execution, levy, attachment, garnishment or other legal process *until the funds reached the hands of the recipients." Id.* at 356 (emphasis added).

It is not hard to imagine the burden which would be thrust upon those who administer the teacher retirement fund if that fund, and others like it, were not exempt from assignment, attachment or process. We believe it was this concern which prompted the legislature to enact Minn. Stat. § 354.10. The heading of the statute —"**Fund not subject to Assignment or process**" (emphasis added)—indicates that the protections are limited to the money while it is in the system. However, while the need to protect the system is apparent, we find no parallel need to protect the retirement fund from attachment once it has left the system.

Appellant relies primarily on *In Re Distefano's Estate,* 167 Misc. 678, 5 N.Y.S.2d 87 (1938). Distefano, a teacher in the New York public schools, was a member of the teacher's retirement system. The amount due from the retirement account was paid to Distefano's estate at his death. The question before the court was whether the amount paid to the estate from the retirement fund could be used to pay claims of creditors of the deceased. The applicable New York statute provided:

> The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, and the moneys in the various funds created under this act, are hereby exempt from any state or municipal tax, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this act specifically otherwise provided.

*Id.* 5 N.Y.S.2d at 88–9.

The *Distefano* court extended the exemption to funds even after they passed to the deceased's estate, reasoning that the statute was designed to protect against improvidence or misfortune of persons coming within its terms. Thus, the statute in *Distefano* was liberally construed to concentrate more on protecting the right of the teacher than protecting the integrity of the fund prior to distribution. We cannot so liberally construe section 354.10. Further, we believe *Hallbom's Estate* controls the issue presented here, and therefore cannot be guided by a decision of the New York Surrogate's Court.

### DECISION

Minn.Stat. § 354.10 protects a teacher's pension while it is in the hands of the state. Once these funds have passed to the estate of the teacher, we believe they may be attached by creditors of the estate.

Affirmed.