In the Matter of the Estate of ROBERT L. DICKERSON, Deceased.
Surrogate's Court, New York County, April 25, 1938.

*Seymour L. Mantell*, for Germaine Dickerson, as administratrix, etc., petitioner.

*Philip Klein*, for claimant, The Family Finance Corporation, respondent.

*Jesse Lowenthal*, for Alberta L. Bradford, a creditor, respondent.

*William J. McArthur*, for the United States Fidelity and Guaranty Company.

FOLEY, S. The claims of the creditors against the estate are dismissed. The decedent was a former United States post office employee. The sole asset of his estate consists of a fund paid to his administratrix, pursuant to the provisions of an " Act for the Retirement of Civil Service Employees " (U. S. Code, tit. 5, chap. 14, §§ 691–738). The act provides (§ 729) that " None of the moneys mentioned in this chapter shall be assignable, either in law or equity, or be subject to execution, levy, or attachment, garnishment, or other legal process."

It is contended by the creditors that the exemption under this section has no application to a situation where payment of such moneys is made to the representative of the estate of a decedent, rather than to specifically named beneficiaries. In my opinion, the section is clear and unambiguous and sufficiently comprehensive to exempt the fund from the claims of all creditors, even where payment has been made to the estate of the decedent. The exemption is by express provision of the act applicable to " moneys mentioned in this chapter " and includes every form of benefit, whether pay-

able to the beneficiary himself in his lifetime or after his death under paragraph (d) of section 724 directly to beneficiaries who may have been designated in writing by the decedent, or, in the absence of a designation, to the administrator or executor of his estate, or, if there be no designated beneficiary or representative, to such person or persons as may appear, in the judgment of the civil service commission, to be legally entitled thereto.

I have carefully considered the cases where the exemption was held not to apply to funds paid to the " estate " of a decedent. In all of them the language of the statute was entirely different from the distinctive language employed in the statute under consideration here. In those cases the form of the statute limited the exemption to the person to whom the award was made during his lifetime. It did not extend such benefit beyond such individual. The immunity did not survive him. Under the broad general grant of immunity here, the exemption attached to the fund itself and when paid to the estate of the decedent inured to the benefit of his sole next of kin under our Statutes of Distribution, free from all claims against him or his estate. All the objections to the account are, therefore, overruled.

Submit decree, on notice, settling the account accordingly.