DEPARTMENT OF TREASURY v TURNER

Docket No. 56431. Submitted June 17, 1981, at Detroit.—Decided
October 7, 1981.

The Department of Treasury on behalf of the Department of
Corrections moved in Wayne Circuit Court for an *ex parte*
order to temporarily restrain Jessie Turner, a prisoner in a
state penal institution, from negotiating or transferring certain
funds so that the department could proceed under the Prison
Reimbursement Act to subject the funds to application for
payment of the expenses of Turner's incarceration. The circuit
court denied the department's motion, John D. O'Hair, J. The
department appeals by leave granted. *Held:*

The circuit court erred in denying the department's motion.
The effect of the restraining order would be to prevent disposal
of the funds while the prison reimbursement action is pending.
Such a summary seizure, necessary to secure an important
governmental interest, does not constitute an unconstitutional
prejudgment garnishment. An *ex parte* restraining order is
issued by the Court of Appeals to remain in effect until the
circuit court acts on the department's complaint or affidavit.

Reversed and remanded.

1. GARNISHMENT — PREJUDGMENT GARNISHMENTS — CONSTITUTIONAL
   LAW — STATUTES.

   Prejudgment garnishments, except as authorized pursuant to the
   attachment and garnishment provisions of the Revised Judica-
   ture Act, are unconstitutional (MCL 600.4011; MSA 27A.4011).

2. PRISONS AND PRISONERS — PRISON REIMBURSEMENT ACT — STAT-
   UTES.

   A resident of a state penal institution has the statutory duty to
   pay for the cost of his incarceration where possessed of any
   estate (MCL 800.404; MSA 28.1704).

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 6 Am Jur 2d, Attachment and Garnishment § 5.
[2, 3] 60 Am Jur 2d, Penal and Correctional Institutions § 11.
[4, 5] 42 Am Jur 2d, Injunctions § 285.

3. PRISONS AND PRISONERS — PRISON REIMBURSEMENT ACT — REIM-
   BURSEMENT PROCEDURES — STATUTES.

   The circuit court from which a prisoner in a state penal institu-
   tion was sentenced, upon petition by the auditor general or a
   prosecuting attorney for the county stating that he has reason
   to believe that the prisoner is possessed of an estate which may
   be subject to payment of the expenses of the incarceration and
   paying for the appointment of a guardian for the prisoner,
   must issue a citation to show cause why the petition may not
   be granted, and, following a hearing, if it appears that the
   prisoner is possessed of such an estate, the court must appoint
   a guardian and require the guardian to apply the estate to the
   reimbursement of the state for the expenses of the prisoner's
   incarceration (MCL 800.404; MSA 28.1704).

4. INJUNCTIONS — PRELIMINARY INJUNCTIONS — TEMPORARY RE-
   STRAINING ORDERS — COURT RULES.

   An *ex parte* restraining order may be issued pending a hearing
   on a motion or order to show cause why a preliminary injunc-
   tion should not issue where it clearly appears from specific
   facts shown by affidavit or verified complaint that immediate
   and irreparable injury, loss or damage, or physical injury to the
   applicant will result, and a prompt hearing is required after
   the party restrained has actual notice of the order (GCR 1963,
   718.3, 718.9).

5. INJUNCTIONS — TEMPORARY RESTRAINING ORDERS — PREJUDGMENT
   GARNISHMENTS — PRISON REIMBURSEMENT ACT — COURT RULES
   — STATUTES.

   A temporary restraining order, sought by the state to restrain a
   prisoner in a state penal institution from negotiating or trans-
   ferring certain funds until such time as it can be determined
   pursuant to the provisions of the Prison Reimbursement Act
   whether the funds may be subjected to payment of the expen-
   ses of the prisoner's incarceration, may be issued *ex parte*
   where the petition complies with the applicable court rules,
   and such order does not constitute an unconstitutional prejudg-
   ment garnishment (GCR 1963, 718.2, MCL 600.4011, 800.404;
   MSA 27A.4011, 28.1704).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistants Attorney General, for plaintiff.

*George Stone,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. The state was granted immediate consideration and leave to appeal the circuit court's denial of its petition for an *ex parte* temporary restraining order. The state sought to restrain defendant, a resident of Southern Michigan State Prison, from negotiating or transferring a check for $4,035.49, received by defendant as earned contributions to a pension fund which was terminated by his incarceration.

The state seeks to proceed under the Prison Reimbursement Act (hereafter the act), MCL 800.401 *et seq.;* MSA 28.1701 *et seq.,* which requires wardens at the state prisons at Jackson, Marquette, and Ionia to send to the auditor general certain records which include the financial status of all residents of the institutions. The check was discovered when defendant's incoming mail was opened, allegedly for security reasons.

The circuit court, apparently relying on *Cochrane v Westwood Wholesale Grocery Co,* 394 Mich 164; 229 NW2d 309 (1975), denied the state's request, finding that an *ex parte* order as requested would amount to prejudgment garnishment.

The state, limiting its appeal solely to the question of whether the granting of an *ex parte* temporary restraining order in conjunction with the Prison Reimbursement Act is tantamount to the issuance of a prejudgment garnishment, argues that the Legislature has made a resident of a state penal institution liable for the cost of his incarcer-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ation, and that the state, through the act, occupies a superior position to an ordinary creditor. It distinguishes the garnishment situation where the alleged debtor is deprived of money or property without a prior determination of liability from the present case where defendant's liability is statutorily determined and where defendant may obtain a hearing upon 24 hours notice. See GCR 1963, 718.2.

Defendant, who had counsel appointed for him after the state filed its application for an emergency appeal, now argues that the search and seizure of his check was unreasonable, that the state's complaint fails to state a cause of action, that the act is unconstitutional in a number of regards, and that the state occupies the role of an ordinary creditor and thus is subject to the prejudgment garnishment rule.

We address only the final issue presented by defendant, since failure to raise the other issues in the trial court precludes appellate review. We find that the trial judge erred and reverse.

The Supreme Court in *Cochrane, supra,* relying on *North Georgia Finishing, Inc v Di-Chem, Inc,* 419 US 601; 95 S Ct 719; 42 L Ed 2d 751 (1975), held that prejudgment garnishments were unconstitutional, except as provided by 1974 PA 371, § 1, eff April 1, 1975, as amended MCL 600.4011; MSA 27A.4011.

The state properly argues that § 4 of the act, MCL 800.404; MSA 28.1704, imposes a statutory duty on a resident of a state penal institution to pay for the cost of his incarceration.[1] The act

---

[1] Section 4 of the Prison Reimbursement Act provides in pertinent part:

"Whenever it shall be found that any person has been admitted to any of the aforesaid state penal institutions, as a prisoner, the auditor general, or the prosecuting attorney of the county from which said

requires the auditor general or a prosecuting attorney for the county from which a prisoner is sentenced to file a petition praying for the appointment of a guardian if a prisoner is possessed of or becomes possessed of any estate. The circuit court from which the prisoner is sentenced and to which the petition must be made is then required to "issue a citation to show cause why the prayer of the petitioner should not be granted". In the present case, no such hearing has yet been scheduled.

Section 4 does not provide any time limitation for the show cause hearing. However, GCR 1963, 718.2 permits hearings on motions to dissolve preliminary injunctions or restraining orders which were granted without notice, within 24 hours or less. Such motions are required to take precedence

---

person was so sentenced, shall, if such person or prisoner be possessed of any estate, or shall thereafter while he shall remain in such institution become possessed thereof, petition in the circuit court of the county from which said person was sentenced, stating that such person is a prisoner in such state penal institution, and that he has good reason to believe and does believe that the said prisoner has an estate, and praying for the appointment of a guardian of such person, if a guardian has not already been so appointed, and that said estate may be subjected to the payment to the state of the expenses paid and to be paid by it on behalf of said person as a prisoner. The court shall thereupon issue a citation to show cause why the prayer of the petitioner should not be granted. If such prisoner has a guardian, it shall be served upon him * * *. At the time of the hearing, if it appears that such person or prisoner has an estate which ought to be subjected to the claim of the state, the court shall without further notice appoint a guardian of the person and estate of such prisoner if the court deems one necessary for the protection of the rights of all parties so concerned, and the court shall make an order requiring the guardian * * * to appropriate and apply such estate to the payment of so much or such part thereof as may appear to be proper toward reimbursing the state for the expenses theretofore incurred by it on behalf of such prisoner, and such part thereof towards reimbursing the state for the future expenses which it must pay on his behalf, which reimbursement shall not be in excess of the per capita cost of maintaining prisoners in the institution in which said prisoner is an inmate, regard being had to claims of persons having a moral or legal right to maintenance out of the estate of such prisoner."

over all matters except older matters of the same character.[2]

The two cases which have dealt with the act, *Auditor General v Hall,* 300 Mich 215; 1 NW2d 516 (1942), and *Auditor General v Olezniczak,* 302 Mich 336; 4 NW2d 679 (1942), do not furnish much assistance in this case because the preliminary question involved here was not at issue in those cases, although *Hall, supra,* 221, affirmed the statutory obligation of a prisoner to pay the expenses of his incarceration.

The United States Supreme Court, dealing with the due process issue of prejudgment property seizures in *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), *reh den* 409 US 902; 93 S Ct 177; 34 L Ed 2d 165 (1972), and *Mitchell v W T Grant Co,* 416 US 600; 94 S Ct 1895; 40 L Ed 2d 406 (1974), held that seizure of property in which the claimant has no interest without a bond requirement and without an opportunity for a

---

[2] GCR 1963, 718.2 provides:

".2 Preliminary Injunctions Granted Without Notice.

"(1) Except as otherwise provided by statute or these rules, no preliminary injunctions may be granted until hearing on a motion or order to show cause why a preliminary injunction should not issue. If it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss or damage, or physical injury will result to the applicant, a restraining order may be issued *ex parte* pending the hearing on the motion or order to show cause.

"(2) The restraining order granted without notice shall:

"(a) be indorsed with the date and hour of issuance;

"(b) be filed forthwith in the clerk's office and entered of record; and

"(c) define the injury and state why it is irreparable and why the order was granted without notice.

"(3) Hearings on motions to dissolve preliminary injunctions or restraining orders which were granted without notice may be heard on 24 hours notice or less; upon order of the court for good cause shown and take precedence of all matters except older matters of the same character. The court may fix the time for the hearing at the time the preliminary injunction or restraining order is granted, without waiting for the filing of a motion to dissolve the injunction or restraining order."

prompt hearing to test the merits of the claim and the validity of the seizure was a violation of due process. However, *Fuentes, supra,* did indicate that a summary seizure of property is allowed to collect governmental revenues. The Court stated:

"Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance." (Footnote omitted.) *Id.,* 90-91.

In the strictest sense, a prejudgment garnishment is the process of attaching money or goods due a defendant in the hands of a third party. In this case, the effect of a restraining order is to prevent the alleged debtor from disposing of his property, pending a hearing to determine if he has property which "ought to be subjected to the claim of the state * * *". MCL 800.404; MSA 28.1704. This provision is not unlike other *ex parte* restraining orders issued to prevent disposal of property while a case is pending.[3]

An important governmental interest, a clearly expressed legislative intent that residents of correctional institutions reimburse the state for their incarceration if they are financially able to do so, is involved. Before the order can issue, a judicial officer is required to determine that the verified complaint or affidavit shows that immediate and

---

[3] See GCR 1963, 723.3.

irreparable injury, loss, or damage will occur. A prompt hearing is required after the party restrained has actual notice of the order. See GCR 1963, 718.3, 718.9. Though security is not required where the state is an applicant, the restrained party is protected by the state's financial responsibility.

We are satisfied that an unusual situation referred to by the *Fuentes* Court, *supra,* exists in this case and that if the verified complaint or affidavit of the state complies with the requirements of GCR 1963, 718.2(1), issuance of an *ex parte* temporary restraining order is justified.

Reversed and remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction except that this Court's *ex parte* restraining order shall remain in effect until the circuit court acts on plaintiff's complaint or affidavit.