STATE TREASURER v BROWN

Docket No. 62985. Submitted December 15, 1982, at Lansing.—Decided May 5, 1983.

The State Treasurer, on behalf of the Department of Corrections, brought an action against Edward Brown, a prison inmate, seeking reimbursement under the Prison Reimbursement Act of expenses incurred in maintaining Brown. Brown's assets, held in his inmate account, consisted of accumulated social security disability benefits. The Jackson Circuit Court, Russell E. Noble, J., denied the plaintiff's claim, holding that the assets were exempt from the claim by virtue of a section of the Social Security Act which provides that benefit payments are not subject to legal process. Plaintiff appeals. *Held:*

Because the defendant's care and maintenance is provided by the Department of Corrections, he has no need for the accumulated disability benefits. Therefore, it will not offend the policies underlying the Social Security Act or the specific exemptions set forth therein to require reimbursement from those accumulated benefits.

Reversed.

1. Prisons and Prisoners — Cost of Incarceration.

A resident of a state penal institution who is possessed of an estate is under a statutory duty to pay for the cost of his incarceration (MCL 800.401 *et seq.;* MSA 28.1701 *et seq.*).

2. Prisons and Prisoners — Cost of Incarceration — Social Security Benefits.

The state is not precluded by federal law from seeking reimbursement for the cost of a prison inmate's incarceration from the inmate's accumulated social security disability payments where the inmate, because his total care and maintenance is provided by the Department of Corrections, has no need for his social security disability benefits (42 USC 407; MCL 800.401 *et seq.;* MSA 28.1701 *et seq.*).

Reference for Points in Headnotes
[1, 2] 60 Am Jur 2d, Penal and Correctional Institution § 11.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John Wernet,* Assistant Attorney General, for plaintiff.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals as of right the trial court's order denying plaintiff's claim for reimbursement of expenses incurred in maintaining defendant prisoner, pursuant to the Prison Reimbursement Act, 1935 PA 235; MCL 800.401 *et seq.;* MSA 28.1701 *et seq.*

On September 3, 1981, plaintiff filed a complaint in Jackson County Circuit Court, alleging that defendant held assets exceeding $12,498. Said assets were held by the Michigan Department of Corrections in defendant's inmate account. The complaint sought an order requiring defendant to respond to plaintiff's claim for reimbursement and to show cause why a guardian should not be appointed in accordance with said act. At the show cause hearing, defendant advised the court that his assets consisted of accumulated monthly social security disability benefits. On February 2, 1982, the trial court issued a written opinion which denied plaintiff's claim, concluding that defendant's assets were exempt by virtue of the broad language of 42 USC 407 found in the Social Security Act. On February 17, 1982, the trial court issued a final order denying plaintiff's claim.

The sole issue raised on appeal is whether the provisions of 42 USC 407 exempt defendant's accumulated social security benefits from the state's claim under the Prison Reimbursement Act. There is no question that the Prison Reimbursement Act

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"imposes a statutory duty on a resident of a state penal institution to pay for the cost of his incarceration". *Dep't of Treasury v Turner,* 110 Mich App 228; 312 NW2d 418 (1981). It is also apparent plaintiff followed the proper procedure in pressing its claim for reimbursement. *Turner, supra.*

However, the Social Security Act, 42 USC 407, provides:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

In denying plaintiff's claim, the trial court relied on *Philpott v Essex County Welfare Board,* 409 US 413; 93 S Ct 590; 34 L Ed 2d 608 (1973), in which the United States Supreme Court rejected a state welfare agency's claim for reimbursement from a welfare recipient's social security disability benefits. The Court in *Philpott* took note that 42 USC 407 framed the exemption for social security disability benefits in broad terms:

"On its face, the Social Security Act in § 407 bars the State of New Jersey from reaching the federal disability payments paid to Wilkes. The language is all-inclusive: '[N]one of the moneys paid or payable * * * under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process * * *.' " *Philpott, supra,* p 415. (Footnote omitted.)

However, we find a fundamental distinction between the present case and *Philpott* as recognized in *Dep't of Health v Davis,* 616 F2d 828 (CA 5, 1980). That court distinguished *Philpott* as follows:

"With regard to the social security statute, the Supreme Court in *Philpott v Essex County Welfare Board,* 409 US 413; 93 S Ct 590; 34 L Ed 2d 608 (1973), precluded a state from recovering financial assistance rendered to a person claiming permanent and total disability. *Philpott* is different from this case, however, since there the welfare recipient was capable, at least in part, of providing for his own care, and the state was not acting *in loco parentis,* as it is here. The beneficiary in *Philpott* was merely receiving assistance in providing for himself. Glasscock, however, determined to be incompetent by the Veterans' Administration since February 21, 1952, has been in confinement until the present because he is apparently incapable of caring for himself to any degree. Glasscock *has had no needs during. the period he has been in the Florida State Hospital that were not met by the state.* Accordingly, the state is seeking to have the guardian, who is responsible for overseeing her ward's care and maintenance, do what is required by Florida law: apply the benefits received by the ward for care and maintenance to reimburse Florida for undertaking his care and maintenance. Thus, contrary to the guardian's argument, *Philpott* does not control the outcome of this case." *Davis, supra,* p 830. (Emphasis supplied.)

The case at bar is similar to *Davis* since defendant is a prisoner whose care and maintenance has been provided by the Department of Corrections. Unlike the beneficiary in *Philpott,* defendant has no need for his social security disability benefits.

Additional authority exists in *In re Vary Estate,* 65 Mich App 447; 237 NW2d 498 (1975), *aff'd* 401 Mich 340; 258 NW2d 11 (1977), *cert den* 434 US 1087 (1978), where the state sought reimbursement for the costs of decedent's institutionalization, pursuant to the former MCL 330.17; MSA 14.807 (since repealed by the new Mental Health Code, MCL 330.1800 *et seq.;* MSA 14.800[800] *et seq.).* The Court framed the issue as follows:

"Thus the sole decisional issue is whether § 207 of the Social Security Act prohibits the use of social security benefits for the payment of accrued claims against the estate of the beneficiary after the beneficiary's death." *Vary, supra,* pp 450-451.

The Court looked behind the broad language of 42 USC 407 and the opinion in *Philpott,* and found dispositive the fact that the deceased social security beneficiary had no further need for the accumulated benefits. Based upon this finding, the Court concluded that allowing the state to obtain reimbursement would not offend the policies underlying the Social Security Act or the exemptions set forth in 42 USC 407. The Court went on to say:

"The underlying principle of the system is to protect the social security beneficiaries from some of the hardships of existence. *United States v Silk,* 331 US 704, 711; 67 S Ct 1463; 91 L Ed 1757 (1947). It simply does not comport with the philosophy of the Social Security Act to allow a creditor to take what is necessary for bare existence at the current time for past debts. Even allowing a creditor to reach accumulations of benefits does not comport with this philosophy since at any time the accumulation may be necessary for the recipient's current needs." *Vary, supra,* p 452.

However, the Court stated:

"In the present case all the decedent beneficiary's current needs were met when the funds in the guardianship account were used to provide her with a Christian burial. At the present time *the decedent has no reasonably foreseeable current needs. There is no use to which the funds could be put* that will aid the decedent in meeting the barest essentials of *life." Vary, supra,* p 452. (Emphasis supplied.)

On the basis of the foregoing we hold that

reimbursement of the state from defendant's benefits would not offend the policies underlying the Social Security Act or, more specifically, 42 USC 407. The trial court erred in entering an order denying plaintiff's claim for reimbursement pursuant to the Prison Reimbursement Act.

Reversed. No costs. A public question involved.