Bill WAGGONER, Jr., and Pamela A. WAGGONER
*v.* GAME SALES COMPANY, INC.

85-195                                    702 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered February 10, 1986
[Rehearing denied March 17, 1986.*]

*Faber D. Jenkins*, for appellant.

*George H. Bailey*, for appellee.

---

* Purtle, J., not participating.

ROBERT H. DUDLEY, Justice. The appellee, Game Sales Company, Inc., holds a judgment of $39,079.20 against appellants, Bill and Pamela Waggoner. The appellee sued for a writ of garnishment of appellant's funds held by the Union National Bank of Little Rock. The garnishee bank answered that it held $1,490.48 in the joint names of appellants. The appellants filed a claim for exemption, pleading that the funds came from disability payments by the Civil Service Retirement System. The appellant subsequently proved that the funds did, in fact, come from Civil Service disability payments. The trial court denied the exemption. We reverse.

Appellants contend that 5 U.S.C. § 8346(a) provides an exemption for funds paid from the Civil Service Retirement Disability Fund. The argument is well taken. The statute, in the pertinent part, provides: "*The money mentioned in this sub-chapter. . . is not . . . subject to . . . garnishment* or other legal process, except as otherwise provided by Federal laws." (Emphasis added.)

By this clearly expressed provision Congress makes the exemption applicable to "the money mentioned in this sub-chapter." The statute, unlike some others, does not base the exemption upon whether the government holds the money. Under this broad grant of immunity, the exemption attached to the money itself and, when the money was paid to the recipient, it was free from garnishment by a judgment creditor. *Accord, In re Dickerson's Estate*, 5 N.Y.S.2d 86, 168 Misc. 54 (Surr. Ct. 1938). (Interpreting earlier statute using the same language.)

█ Two courts have reached the opposite result and have held that the exemption does not apply after the money reaches the recipient. *In re Estate of McGreevy*, 445 Pa. 318, 286 A.2d 355 (1971) and *In re Prestien*, 427 F.Supp. 1003 (S.D. Fla. 1977). The Supreme Court of Pennsylvania based its decision upon Congressional intent and "the general rule is that language relating to exemptions is to be strictly construed." In reading the statute and examining the legislative history of the act, we are unable to find anything to demonstrate a Congressional intent to limit the exemption to funds held by the Federal government. In fact, the Senate Report on a 1978 amendment to § 8346(a) provides: "Under existing law 5 U.S.C. § 8346(a), *payments*

under the civil service retirement system are not assignable or subject to . . . garnishment. . . ." (Emphasis added.) S. Rep. No. 95-1084, 95th Cong., 2d Sess. [1978] U.S. Code Cong. & Ad. News 1379, 1380. In addition, our general rule, unlike Pennsylvania's, is that exemptions are to be liberally construed. *Williams* v. *Swann*, 220 Ark. 906, 251 S.W.2d 111 (1952).

Similarly, we are not persuaded by the reasoning expressed by the Federal District Court in Florida. That court based its opinion on the Pennsylvania case, and on the case of *McIntosh* v. *Aubrey*, 185 U.S. 122 (1902). There is no need for further discussion of the Pennsylvania case, and the case from the Supreme Court of the United States is clearly distinguishable. In that case, based upon an entirely different statute, the exemption applied to "money due, or to become due, to any pensioner." The language operated to exempt only payments due and future payments, in other words, funds still in the hands of the government, and not to funds already paid.

We are of the opinion that the better rationale is to follow the clear language of the statute and to hold that the money which came from disability payments by the Civil Service Retirement System is exempt from garnishment by a judgment creditor under the provisions of 5 U.S.C. § 8346(a).

Reversed.

PURTLE, J., not participating.